**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHELLE BLOFSTEIN and ALEXIS FLORES,** for themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**MICHAEL'S FAMILY RESTAURANT, INC., EMMANUEL PETROGIANNIS (a/k/a MIKE PETROGIANNIS), IOANNIS PETROGIANNIS (a/k/a JOHN PETROGIANNIS) and NIKOLAOS PETROGIANNIS (a/k/a NICK PETROGIANNIS),**<br><br>**Defendants.** | **Case No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Michelle Blofstein and Alexis Flores ("Plaintiffs"), by and through their undersigned attorneys, hereby make the following allegations against Michael's Family Restaurant, Inc., Emmanuel Petrogiannis (a/k/a Mike Petrogiannis), Ioannis Petrogiannis (a/k/a John Petrogiannis) and Nikolaos Petrogiannis (a/k/a Nick Petrogiannis) (collectively "Defendants") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel:

## NATURE OF THE ACTION

1.    Plaintiffs brings this action to redress Defendants' company-wide violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA").

2.    Plaintiffs bring their FLSA claim on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as Metro Diner Servers in any state during the maximum limitations period (the "FLSA collective").

3.      Plaintiffs brings their PMWA claims on a class action basis pursuant to Fed. R. Civ. P. 23 for all people who worked as a Metro Diner Server in Pennsylvania since February 1, 2014 (the "Pennsylvania Class").

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29  U.S.C. §216(b) and 28 U.S.C. §§ 1331.

5.      This Court has supplemental jurisdiction over Plaintiffs' Pennsylvania claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7.      Plaintiff Michelle Blofstein is an individual who resides in Montgomery County, Pennsylvania. Ms. Blofstein has worked for Defendants as a Server at the Warminster West Diner from October 2012 to present.  From October 2012 to June 2017, Ms. Blofstein worked about 70-80 hours per week.  Since June 2017, Ms. Blofstein has worked about 20-40 hours per week.  Ms. Blofstein is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint.

8.      Plaintiff Alexis Flores is an individual who resides in Philadelphia County, Pennsylvania. Ms. Flores worked for Defendants as a Server at the Country Club Diner (October 2014 to July 2015), the Warminster West Diner (September 2015 to June 2016) and Tiffany's Diner (July 2016).  Throughout this time, Ms. Flores has worked about 40 hours per week.  Ms. Flores is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint.

9.      Michael's Family Restaurant, Inc. is a Pennsylvania corporation that, during the relevant period – either on its own, through its wholly-owned subsidiaries, or through related entities wholly-owned by its principals – has owned and operated about twelve restaurants in the greater Philadelphia area, including: the Broad Street Diner (1135 S Broad St, Philadelphia PA 19147), the Brooklawn Diner (297 Crescent Blvd, Brooklawn, N.J. 08030), the Country Club Diner (1717 Cottman Ave, Philadelphia, PA 19111), Dawson's Restaurant (440 Plymouth Road, Plymouth Meeting, PA 19462), the Mayfair Diner (7373 Frankford Ave, Philadelphia PA 19136), the Melrose Diner (1501 Snyder Ave, Philadelphia, PA 19145), Michael's Café (3640 Street Road, Phila. PA 19020), Michael's Restaurant & Diner (3340 Street Road. Phila., PA 19020), Michael's Family Restaurant (501 S Easton Rd, Glenside, PA 19038), Ristorante La Veranda (Pier 3 Penn's Landing, Philadelphia, PA 19106), the Tiffany Diner (9010 Roosevelt Blvd, Philadelphia, PA 19115) and the Warminster West Diner (333 W Street Rd, Warminster, PA 18974).

10.     Emmanuel Petrogiannis (a/k/a Mike Petrogiannis) is the President of Michael's Family Restaurant, Inc., its subsidiaries and related entities.  During the relevant period, Emmanuel Petrogiannis has been involved in the day-to-day business operation of Michael's Family Restaurant, Inc., exercised operational control over Michael's Family Restaurant, Inc. and controlled significant business functions of Michael's Family Restaurant, Inc, including: determining employee salaries, making hiring decisions, controlling corporate checking and payroll accounts and acting for Michael's Family Restaurant, Inc. to devise, direct, implement and supervise the wage and hour policies and practices challenged in this action.

11.     Ioannis Petrogiannis (a/k/a John Petrogiannis) is the Treasurer of Michael's Family Restaurant, Inc., its subsidiaries and related entities.  During the relevant period, Ioannis Petrogiannis has been involved in the day-to-day business operation of Michael's Family

Restaurant, Inc., exercised operational control over Michael's Family Restaurant, Inc. and controlled significant business functions of Michael's Family Restaurant, Inc, including: determining employee salaries, making hiring decisions, controlling corporate checking and payroll accounts and acting for Michael's Family Restaurant, Inc. to devise, direct, implement and supervise the wage and hour policies and practices challenged in this action.

12.     Nikolaos Petrogiannis (a/k/a Nick Petrogiannis) is the Secretary of Michael's Family Restaurant, Inc., its subsidiaries and related entities.  During the relevant period, Nikolaos Petrogiannis has been involved in the day-to-day business operation of Michael's Family Restaurant, Inc., exercised operational control over Michael's Family Restaurant, Inc. and controlled significant business functions of Michael's Family Restaurant, Inc, including: determining employee salaries, making hiring decisions, controlling corporate checking and payroll accounts and acting for Michael's Family Restaurant, Inc. to devise, direct, implement and supervise the wage and hour policies and practices challenged in this action.

## MATERIAL FACTS

13.     Defendants employ Servers, who are paid the tipped minimum wage rate, to wait on customers in their restaurants, answer questions about the menu, take food and drink orders from customers, place food and drink orders, collect food and drink orders from service areas, deliver food and drinks to customers and provide excellent customer service.

### Failure To Pay Overtime Wages

14.     Defendants track Servers' work time with a timeclock that Servers use to punch in and out from work.

15.     Defendants require and permit Servers to work more than 40 hours per week, but maintain a strict company-wide policy against logging overtime hours (i.e., hours over 40 in any

given workweek) on the timeclock.  As a result, Defendants do not create or maintain accurate contemporaneous records of Servers' overtime work.

16.     When Servers work more than 40 hours in any given workweek, Defendants do not track this time or pay any wages for it.  As a result, the only payment Servers receive for overtime work is their tips.

17.     Ms. Blofstein routinely worked more than 40 hours in given workweeks as a Server for Defendants during the relevant period, was not allowed to track her overtime hours on Defendants' timeclock and, as a result, was not paid any wages for her overtime hours.

**Maintenance Of An Illegal Tip Pool**

18.     Defendants maintain a mandatory tip pool into which Servers must contribute a fixed sum from their tips each shift, depending on when they work.  From Monday morning to Friday afternoon, the required tip pool contribution is either $6.00 (in after 9:00 A.M.) or $7.00 (in before 9:00 A.M.).  On Friday, Saturday and Sunday nights, the required tip pool contribution is $9.00.  During the day on Saturday, the required tip pool contribution is $12.00.  During the day on Sunday, the required tip pool contribution is $13.00.

19.     Although Defendants ostensibly collect these pooled tips to provide Bussers with tips in addition to their wages, Defendants actually take possession of the pooled tips and use these funds to pay the wages of other employees, namely Bussers.

20.     Ms. Blofstein and Ms. Flores both contributed the required sums into Defendants' tip pool at the end of every shift they worked during the relevant period.  Defendants improperly converted this money, using it to subsidize Bussers' wages rather than providing tips in addition to their wages, rendering their tip pool invalid.

## JOINT EMPLOYMENT FACTS

21.     Throughout the relevant period, Michael's Family Restaurant, Inc., Emmanuel Petrogiannis (a/k/a Mike Petrogiannis), Ioannis Petrogiannis (a/k/a John Petrogiannis) and Nikolaos Petrogiannis (a/k/a Nick Petrogiannis) (collectively "Defendants"), acting in a joint venture or as joint employers, formulated, approved, controlled and engaged in the illegal practices described in this Complaint, so are jointly and severally responsible for these practices

22.     Defendants have been an integrated enterprise with inter-related operations, systems, policies, practices and labor relations.

23.     Defendants served as each other's agents and worked in concert to accomplish the actions pled here.

24.     Defendants have been actively engaged in the "day-to-day" management of work performed by Servers.

25.     Defendants provided and enforced materially identical policies and practices relating to the performance of Servers' work.

26.     Defendants required Servers to follow the same policies and procedures, including those for recording time.

27.     Defendants established the wages Servers were paid for their work and the policies and procedures relating to the payment of these wages.

28.     Defendants supervised and evaluated the job performance of Servers according to common criteria and standards set by Defendants.

29.     Defendants are joint employers of Servers under the FLSA and PMWA because Defendants each had the right to: hire and fire these employees, set their wages, control their work, direct the manner in which they performed their work, inspect and supervise their work,

promulgate policies and procedures governing their employment (including the timekeeping and compensation policies and procedures at issue here) and enforce these policies and procedures.

30.    The net effect of Defendants' policies and practices, instituted and approved by managers they hired and controlled, is that Defendants willfully failed to pay Servers earned overtime premium compensation for hours worked over 40 in any given workweek, providing Defendants with ill-gained earnings at the expense of their Servers.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiffs bring their FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for themselves and all people who worked as a Server in any of Defendants' restaurants during the maximum statutory limitations period (the "FLSA Collective").

32.    Plaintiffs belong to the FLSA Collective because they worked as Servers in three of Defendants' restaurants during the relevant period and personally experienced the violations alleged herein.

33.    Although the FLSA Collective members worked as Servers in different restaurants, this action may be properly maintained as a collective action because, among other things:

    a.    they worked under the same material terms and conditions of employment;

    b.    they performed the same job duties and had the same job-related responsibilities;

    c.    they received common training, directives and instructions;

    d.    they were governed by the same policies, practices and systems concerning work hours;

    e.    they were governed by the same timekeeping policies, practices and systems;

    f.    they were governed by the same compensation policies, practices and systems; and

7

g.      they were governed by the same policies, practices and systems concerning overtime hours and wages.

34.     Plaintiffs and the FLSA Collective members do not meet any test for exemption under the FLSA.

35.     As a result, Plaintiffs respectfully ask the Court to authorize the dissemination of notice to the FLSA Collective members informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b).

36.     Plaintiffs estimate that the FLSA Collective includes several hundred members. The precise number of FLSA Collective members can be easily ascertained with Defendants' payroll and personnel records, among other documents.  Given the composition and size of the FLSA Collective, its members may be informed of the pendency of this action directly *via* U.S. mail and e-mail.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 for themselves and all Pennsylvania residents who worked as a Server in any of Defendants' restaurants since December 13, 2014 (the "Pennsylvania Class").

38.     Plaintiffs belong to the Pennsylvania Class because they are Pennsylvania residents who worked as Servers in Defendants' restaurants during the relevant period and personally experienced the violations alleged herein.

39.     Plaintiffs' claims for violation of the PMWA may be maintained on a class-wide basis because their claims satisfy the requirements of Fed. R. Civ. P. 23.

40.     The Pennsylvania Class is so numerous that joinder of all its members would be impracticable.  Plaintiffs estimate that several hundred Pennsylvania residents have worked as Servers in Defendants' restaurants during the relevant period.

41.     Material questions of law or fact common to the Pennsylvania Class members predominate over any individual issues, including:

      a.    Whether Defendants paid the Pennsylvania Class members any wages for the overtime work they were suffered or permitted to perform;

      b.    Whether Defendants maintained an invalid tip pool;

      c.    Whether Defendants willfully failed to comply with the PMWA; and

      d.    Whether Defendants raise defenses common to the Pennsylvania Class members.

42.     Plaintiffs' claims are typical of the claims belonging to the Pennsylvania Class members in that they are similarly-situated employees who performed similar work under similar terms, conditions, policies and practices and have been similarly harmed.

43.     This action may be properly maintained as a class action because Plaintiffs will fairly and adequately assert and protect the interests of the members of both putative Classes as follows:

      a.    there is no apparent conflict of interest between Plaintiffs and the members of both putative Classes, especially in light of the relatively small value of each Class member's claim and the costs and burdens associated with bringing individual wage claims;

      b.    Plaintiffs' attorneys have significant experience in the litigation of complex civil and class action matters in this Court, and will adequately represent the interests of the Class; and

      c.    Plaintiffs have access to adequate financial resources to assure that the interests of the Class will not be harmed because, consistent with the Pennsylvania Rules of Professional Conduct, Plaintiffs' counsel have agreed to advance the costs and expenses of this litigation contingent upon the outcome of the case.

44.     This action may be properly maintained as a class action because it will provide a fair and efficient method for adjudication of the issues presented by this controversy as follows:

a.      common questions of law or fact predominate over any questions affecting only individual members, as Plaintiffs seek to remedy a common legal grievance, namely Defendants' failure to pay all wages owed as a result of their improper misclassification as exempt employees;

b.      no difficulties are likely to be encountered in the management of this litigation as a class action, given that Defendants' records will assist in identifying the members of both putative Classes and verifying the value of their claims;

c.      this forum is particularly appropriate for adjudicating these claims as this Court has significant experience with class action litigation; and

d.      the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

45.      Allowing Plaintiffs' Pennsylvania and New Jersey wage law claims to proceed as a class action will be superior to requiring the individual adjudication of each Class member's claim, since requiring hundreds of hourly-paid employees to file and litigate individual wage claims would cause an undue burden on Defendants, the Class members and the Courts.  Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually.  Moreover, as the damages suffered by each Class member are relatively small, the expenses and burdens associated with individual litigation would make it difficult for plaintiffs to bring individual claims.  Further, the presentation of separate actions by individual Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Class members to protect their interests.

## COUNT I
## VIOLATION OF THE FLSA
### Failure To Pay Overtime Wages
### (For All Of Defendants' Servers)

46.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

47.     Defendants are "employers" as defined by 29 U.S.C. § 203(d).

48.     Plaintiffs and the FLSA collective are "employees" as defined by 29 U.S.C. § 203(e)(1).

49.     The wages Defendants pay to Plaintiffs and the FLSA collective are "wages" as defined by 29 U.S.C. § 203(m).

50.     Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

51.     Throughout the relevant period, Defendants have been obligated to comply with the FLSA's requirements, Plaintiffs and the FLSA collective have been covered employees entitled to the FLSA's protections, and Plaintiffs and the FLSA collective have not been exempt from receiving wages required by the FLSA for any reason.

52.     29 U.S.C. § 207(a)(1) requires employers to pay their employee an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

53.     As alleged herein, Defendants have intentionally violated this provision of the FLSA through common, company-wide policies and practices that include: permitting Servers to work more than 40 hours per week; maintaining a strict policy against logging overtime hours on the timeclock; failing to maintain an accurate contemporaneous record of Servers' overtime work; and failing to pay Servers' any wages for their overtime work.

11

54.     By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the FLSA Collective members' rights under the FLSA.

55.     Plaintiffs and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of overtime premium wages owed for overtime work they performed and from which Defendants derived a direct and substantial benefit.

56.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with their requirements.

57.     Plaintiffs and the FLSA collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF THE FLSA**
**Maintenance Of An Illegal Tip Pool**
**<u>(for the proposed multi-state collective)</u>**

58.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

59.     The FLSA provides that tipped employees are entitled to retain all of the tips they receive, but allows the "pooling of tips among employees who customarily and regularly receive tips." *See* 29 U.S.C. § 203(m).

60.     The U.S. Department of Labor Field Operations Handbook provides that, in the context of operating a tip pool, an employer may not retain any of an employee's tips for any purpose.  *See* DOL Field Operations Handbook § 30d04 (12/15/16), *citing* 29 CFR 531.54.

61.     Defendants require all Servers to participate in a tip pool as a condition of their employment.

62.     As alleged herein, Defendants have collected pooled tips from Servers under the pretense that the money will be used to supplement Bussers' wages; improperly taken possession of these pooled tips; used the pooled tips to pay Bussers' wages; and deprived Bussers of their share of the tip pool.

63.     By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the FLSA Collective members' rights under the FLSA.

64.     Plaintiffs and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, which has unlawfully deprived them of tip income through the maintenance of an illegal tip pool.

**COUNT III**
**VIOLATION OF THE PMWA**
**Failure To Pay Overtime Wages**
**(for the Pennsylvania class)**

65.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

66.     Defendants are "Employers" as defined in PMWA § 3(g).

67.     Plaintiffs and the Pennsylvania Class members are "Employees" as defined by PMWA § 3(h).

68.     The unpaid wages at issue in this litigation are "Wages" as defined by PMWA § 3(d).

69.     Throughout the relevant period, Defendants were obligated to comply with the PMWA's requirements, Plaintiffs and the Pennsylvania Class members were covered employees entitled to the PMWA's protections, and Plaintiffs and the Pennsylvania Class members were not exempt from receiving wages required by the PMWA for any reason.

70.     Throughout the relevant period, MWA § 4(c) required Defendants to pay Plaintiffs and the Pennsylvania Class members overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek.

71.     Under the MWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days".  *See* 34 Pa. Code § 231.42.

72.     Throughout the relevant period, MWA § 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."

73.     Defendants have intentionally violated these provisions of the PMWA through common, company-wide policies and practices that include: requiring and permitting Plaintiffs and the Pennsylvania Class members to work more than 40 hours in given workweeks; maintaining a strict policy against logging overtime hours on the timeclock; failing to maintain an accurate contemporaneous record of overtime work performed by Plaintiffs and the Pennsylvania Class members; and failing to pay Plaintiffs and the Pennsylvania Class members any wages for their overtime work.

74.     By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for Plaintiffs' and the Pennsylvania Class members' rights under the PMWA.

75.     Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiffs and the Pennsylvania Class members all wages mandated by the MWA.

76.     Plaintiffs and the Pennsylvania Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of

legally-required wages for work they performed from which Defendants derived a direct and substantial benefit.

77.     PMWA § 13 expressly allows private plaintiffs to bring a civil action to enforce an employers' failure to comply with the PMWA's requirements.

78.     PMWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

### COUNT IV
### VIOLATION OF THE PMWA
### Maintenance Of An Illegal Tip Pool
### (for the Pennsylvania class)

79.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

80.     The PMWA provides that tipped employees are entitled to retain all of the tips they receive, but allows the "pooling of tips among employees who customarily and regularly receive tips." *See* PMWA § 3(d)(2).

81.     Defendants require all Servers to participate in a tip pool as a condition of their employment.

82.     As alleged herein, Defendants have collected pooled tips from Servers under the pretense that the money would be used to supplement the hourly wages of Bussers by providing them with tips when in reality, they improperly took possession of these pooled tips and used them to satisfy their hourly wage obligations to Bussers.

83.     By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the Pennsylvania Class members' rights under the PMWA.

84.     Plaintiffs and the Pennsylvania Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, which has unlawfully deprived them of tip income through the maintenance of an illegal tip pool.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.     Certifying this matter to proceed as a collective action with respect to Counts I-III and as a class action with respect to Counts IV-V;

b.     Appointing Stephan Zouras, LLP to serve as Class Counsel;

c.     Approving Plaintiffs as adequate Class representatives;

f.     Finding that Defendants willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiffs and the collective / class members;

f.     Finding that Defendants willfully violated the applicable provisions of the FLSA and PMWA by maintaining an illegal tip pool;

g.     Granting judgment in favor of Plaintiffs and the collective / class members against Defendants, and each of them, jointly and severally, on Counts I-IV;

h.     Awarding all available compensatory damages in amounts to be determined;

i.     Awarding all available liquidated damages in amounts to be determined;

j.     Awarding pre-judgment interest on all compensatory damages due;

k.     Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

l.     Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

m.     Awarding any further relief the Court deems just, necessary and proper; and

n.     Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.


Respectfully Submitted,


Dated: December 12, 2017      */s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
312-233-1550

*Attorneys for Plaintiffs and the Putative*
*Class and Collective Members*